TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Mark Lewis

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark Lewis,<br><br>          Plaintiff,<br><br>   vs.<br><br>Casting360, LLC; and DOES 1-10, inclusive,<br><br>         Defendants. | Case No.: 4:14-cv-4860<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET. SEQ*;**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Mark Lewis, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.     The Plaintiff, Mark Lewis (hereafter "Plaintiff"), is an adult individual residing in Portsmouth, Ohio, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5.     Defendant Casting360, LLC ("Casting360"), is a California business entity with an address of One Market Plaza, Suite 1010, San Francisco, California 94105, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

6.     Does 1-10 (the "Agents") are individual agents employed by Casting360 and whose identities are currently unknown to Plaintiff.  One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7.     Casting360 at all times acted by and through one or more of the Agents.

## FACTS

8.     Within the last four years, Casting360 contacted Plaintiff on his cellular telephone [740-XXX-0603] from telephone number 614-335-6111.

9.     At all times mentioned herein, Casting360 called Plaintiff by using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice ("Robocalls").

10.     When Plaintiff answers calls from Casting360, he is met with a brief silence, followed by a recording, which informs Plaintiff that he has been selected for a casting call and instructs Plaintiff to call Casting360 or to visit Casting360's website.

11.     Plaintiff never provided his telephone number to Casting360 and never provided his consent to be called.

12.     On multiple occasions, Plaintiff answered Casting360's calls and followed an automated prompt to opt out of receiving calls from Casting360.

13.     Despite Plaintiff's repeated attempts to stop the calls, and even though Casting360 never had consent to contact Plaintiff, Casting360 continued calling Plaintiff with ATDS and/or Robocalls at an excessive and harassing rate.

COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *et seq.*

14.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15.     Plaintiff never provided his cellular telephone number to Casting360 and never provided his consent to be contacted on his cellular telephone.

16.     Without prior express consent, Casting360 contacted Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17.     Casting360 continued to place automatic telephone calls or prerecorded messages to Plaintiff's cellular telephone after Plaintiff followed Casting360's automated prompts to opt out of receiving calls.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

18.     The telephone number called by Casting360 was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19.    The calls from Casting360 to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20.    As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21.    As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

COMPLAINT FOR DAMAGES

1   DATED:  November 3, 2014                TRINETTE G. KENT

2

3                                           By:___/s/___Trinette G. Kent___

4                                           Trinette G. Kent, Esq.

5                                           Lemberg Law, LLC
                                            Attorney for Plaintiff, Mark Lewis

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES